FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 20  A 10:09

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM HOPE DAVIS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV506-002

RANDY TILLMAN, Warden, Ware
State Prison; STATE BOARD OF
PARDONS AND PAROLES;
MILTON E. NIX, JR., Chairman,
GARFIELD HAMMONDS, Vice
Chairman; EUGENE P. WALKER,
and L. GALE BUCKNER

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Hope Davis ("Davis"), an inmate currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a decision of the Georgia Board of Pardons and Paroles ("the Board"). Respondents filed an Answer-Response and a Motion to Dismiss. Davis has filed a Reply to the Answer-Response and a Response to the Motion to Dismiss. For the reasons which follow, Respondents' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Davis was convicted after a jury trial of murder and possession of a firearm during the commission of a crime in the Thomas County Superior Court and was sentenced to life imprisonment on the murder count and five years' imprisonment on the firearms count.

AO 72A
(Rev. 8/82)

Davis was sentenced to five years' imprisonment after a bench trial on the possession of a firearm by a convicted felon count. (Resp'ts' Ex. 1.) Davis filed an appeal with the Georgia Court of Appeals, which affirmed his conviction and sentence. Davis was considered for parole after serving seven years in prison. The Board denied Davis parole in May 1997, and the issue of Davis' parole was to be considered again in June 2005. The Board considered Davis for parole in April 2005 and denied parole based on the nature and circumstances of Davis' offense, his prior criminal history, and his prison conduct. (Aff. of Tracy Masters, ¶ 10.) Davis' next reconsideration date is scheduled for June 2010.

In the instant petition, Davis contends that the Board's decision to deny him parole in April 2005 was "arbitrary, unreasonable, and a gross abuse of discretion." (Pet., pp. 1-2.) Davis asserts that he submitted a request for reconsideration to the Board in October 2005 based on his good institutional conduct, excellent work reports, and completion of his college education, vocational trades, and self-help programs. Davis seeks an Order directing the Board to reconsider him for parole and to grant him parole or to provide him with a sufficient statement of reasons for its denial.

Respondents assert that the claims Davis raises in the instant petition are untimely under 28 U.S.C. § 2244(d)(1). Respondents allege that Davis did not file the instant petition until January 10, 2006, which is almost nine (9) years after the Board initially denied him parole. Respondents also allege that the subsequent denial by the Board does not warrant separate statute of limitation calculations. Thus, Respondents aver, Davis' petition should be dismissed as untimely filed. Alternatively, Respondents assert that Davis' petition should be dismissed because he did not exhaust his available state remedies.

2

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION OF AUTHORITY

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Id. at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. §

3

2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Davis contests the decision of the Board to deny him parole in May 1997. Davis is in custody pursuant to the judgment of a Georgia court, and thus, his petition is governed by section 2254 and its attendant restrictions, such as the statute of limitation period. See Thomas, 371 F.3d at 787 (stating that the argument that section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is without merit). It was at the time the Board denied Davis parole in 1997 that he was or should have been aware of the factual predicate of his claims. See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (noting that statute of limitation period begins to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights). To the extent that Davis contends that the Board's decision to deny him parole in 2005 is relevant, this contention is without

4

merit. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1262 (11th Cir. 2003) (reasoning that successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute of limitations calculations). Because the event about which Davis complains occurred on May 23, 1997 (Resp'ts' Ex. 3), he had until May 22, 1998, by which to file a timely petition for relief. Davis did not file the instant petition until January 10, 2006, which is almost nine (9) years after the Board initially denied him parole. Davis does not allege that the statute of limitations should be tolled in this case, nor is the undersigned able to think of a reason why the statute of limitations should be tolled. Accordingly, Davis' petition was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1).

It is unnecessary to address the alternative ground of Respondents' Motion to Dismiss.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss (Doc. No. 11) be **GRANTED**, and Davis' petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as untimely filed.

**SO REPORTED** and **RECOMMENDED** this 20th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)